This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39972**

**BENJAMIN GROSSETETE,**

Plaintiff-Appellant,

v.

**US EAGLE FEDERAL CREDIT UNION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa C. Ortega, District Judge**

Benjamin Grossetete
Albuquerque, NM

Pro Se Appellant

Justin B. Breen
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff who is self-represented, appeals from a district court order dismissing his complaint to recover money that had been deposited into a pay-on-death (POD) CD account by his now deceased mother. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition, and Defendant has filed a memorandum in support. We affirm.

**{2}** Plaintiff alleged that he was the POD beneficiary, and that Defendant wrongfully permitted Plaintiff's brother to withdraw monies from the POD during his mother's lifetime. [RP 8] The district court dismissed Plaintiff's complaint after concluding that Plaintiff lacked standing to bring the lawsuit. [RP 167]

**{3}** "To acquire standing, a plaintiff must demonstrate the existence of (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Rio Grande Kennel Club v. City of Albuquerque*, 2008-NMCA-093, ¶ 8, 144 N.M. 636, 190 P.3d 1131 (internal quotation marks and citation omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *State ex rel. Child., Youth & Fams. Dep't v. John R.*, 2009-NMCA-025, ¶ 17, 145 N.M. 636, 203 P.3d 167 (internal quotation marks and citation omitted).

**{4}** Here, the district court relied on NMSA 1978, Section 45-6-211(C) (1992), which states that "[a] beneficiary in an account having a POD designation has no right to sums on deposit during the lifetime of any party." [RP 169] In light of the plain language of the statute, we conclude that the district court properly determined that Plaintiff lacked standing to bring this particular lawsuit because he had no personal right to the funds while his mother was alive. We note, however, that the district court observed that Plaintiff was named the personal representative of his mother's estate. [RP 170] The personal representative of the estate, whether it is Plaintiff or someone else, is authorized to bring forth any legal action on behalf of the estate. *See* NMSA 1978, § 45-3-703(E) (2017) (conferring standing on the personal representative to bring legal actions on behalf of the estate).

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**